IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHRISTOPHER FRANK,

    Petitioner,

v.                                             CIVIL ACTION NO. 2:11cv45
                                                   (Judge Bailey)

TERRY O'BRIEN, Warden,,

    Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On June 10, 2011, the *pro se* petitioner, Christopher Frank, an inmate at USP Hazelton, filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. The petitioner paid the required filing fee on June 13, 2011. On June 17, 2011, the undersigned made a preliminary review of the petition and determined that summary dismissal was not warranted. Accordingly, an Order to Show Cause was issued against the respondent. On July 15, 2011, the respondent filed his response by filing a Motion to Dismiss, Motion for Summary Judgment, or alternatively, Motion to Transfer. On July 18, 2011, a Roseboro Notice was issued. The petitioner filed a response on July 27, 2011.

### II. FACTS

Following a week-long trial in the United States District Court for the Eastern District of Louisiana, the petitioner was found guilty on May 19, 1999 of the following criminal acts: conspiracy to distribute quantities of cocaine base ("crack" and cocaine hydrochloride) Schedule II drug controlled substances in violation of Title 21 U.S.C. § 846 (Count 1 of the Superseding Indictment); use of firearms in relation to drug trafficking crime in violation of Title 18 U.S.C. § 924(c)(1) and aiding and

1

abetting in violation of Title 18 U.S.C. § 2 (Count 12 of the Superseding Indictment) ); and possession of a firearm in and affecting interstate commerce in violation of Title 18 U.S.C. § 922(g)(1) and § 924(a)(2) (Count 13 of the Superseding Indictment). (See #2:98-cr-00207-KDE-7).[1] On September 20, 1999, the petitioner was sentenced to imprisonment for life as to Count 1s, 120 months incarceration as to Count12s to run concurrently with the term of imprisonment imposed in Count 1s, and 60 months incarceration as to Count 13s to run consecutively to the terms of imprisonment in Counts 1s and 12s. (Doc. 11-1).

The petitioner and his co-defendants appealed their respective convictions. On appeal, the Fifth Circuit Court of Appeals affirmed the convictions but reversed the sentence in light of the Supreme Court decision in Apprendi v. New Jersey[2] and remanded for re-sentencing. See United States. v. Baptiste, 264 F.3d 578 (5th Cir. 2001). On the government's petition for rehearing, the Circuit Court ruled that the omission of drug quantities from the indictment was harmless error, not reversible error, given the abundant evidence of quantity presented at trial. Specifically, the Circuit Court noted "the evidence showed that the crack distributed during the period of the conspiracy far exceeded the quantities necessary to justify their sentences." The Court further stated "the chances are virtually nil that the jury, confronted with this testimony about appellants' long-lasting conspiracy, would have found that the appellants distributed less than 50 grams of cocaine base." Accordingly, the Circuit Court affirmed the petitioner's life sentence. United States v. Baptiste, 309 F.3d 274 (5th Cir. 2002). The petitioner's Petition for Writ of Certiorari was denied by the Supreme Court on March 31, 2003. Frank v. United States, 538 U.S. 947 (2003).

On February 2, 2004, the petitioner and several of his co-defendants filed a motion to vacate

---

[1] The docket report for this case is available on line at https://pacerlogin.uscourts.gov.

[2] 530 U.S. 466 (2000).

2

their sentences under Title 28 U.S.C. § 2255 in the United States District Court for the Eastern District of Louisiana alleging various grounds, including ineffective assistance of counsel. On March 26, 2007, the U.S. District Court issued an Order denying the habeas petition. (Doc. 11-2).

### III. CONTENTIONS OF THE PARTIES

The petitioner asserts that he is actually innocent of the relevant conduct of U.S.S.G. 1B1.3. which was used to sentence him to life imprisonment. The respondent contends that the petitioner's claims do not merit relief under Section 2241, and he has filed a § 2255 motion masquerading as a 2241 petition. In the alternative, the respondent argues that should this court determine that the petitioner is entitled to further review, his claim should be transferred to the United States District Court for the Eastern District of Louisiana.

In his reply, the petitioner argues that § 2241 is applicable to him because § 2255 was ineffective. Moreover, the petitioner maintains that this Court must transfer the case under 28 U.S.C. § 1404(a) to prevent any further miscarriage of justice.

### IV. STANDARD OF REVIEW

**A.   Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ...

claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

**B. Summary Judgment**

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 (1977). So too, has the Fourth Circuit Court of Appeals. Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions,

4

answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 1986).

## V. ANALYSIS

### A. Lack of Jurisdiction

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under section 2255 in the district court of conviction. A petition for writ of habeas corpus, pursuant to section 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. While the terms of section 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under section 2241, there is nonetheless a "savings clause" in section 2255, which allows a prisoner to challenge the validity of his conviction under section 2241 **if** he can

5

demonstrate that section 2255 is "inadequate or ineffective to test the legality of his detention." Title 28 U.S.C. § 2255. A petitioner bears the burden of demonstrating that the section 2255 remedy is "inadequate or ineffective," and the standard is an extremely stringent one. In the Fourth Circuit, section 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction **only** when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

In this case, the petitioner is not challenging the execution of his sentence, but instead is challenging the imposition of his sentence. In particular, he is alleging that he actually innocent of the crimes that were used to sentence him to life imprisonment. However, in order to raise a claim of actual innocence under § 2241, the petitioner must first establish that he is entitled to review under § 2241 by meeting the Jones requirements.[3] This the petitioner has not, and cannot, do. Even if the petitioner satisfied the first and the third elements of Jones, the crimes for which the petitioner was convicted remain criminal offenses, and therefore the petitioner cannot satisfy the second element of Jones. Therefore, because the petitioner clearly attacks the validity of his sentence, and fails to

---

[3] See Bousley v. United States, 523 U.S. 614, 623 (1998) (In order to "open the portal" to a § 2241 proceeding, the petitioner must first show that he is entitled to the savings clause of § 2255. Once those narrow and stringent requirements are met, the petitioner must then demonstrate actual innocence. Actual innocence means factual innocence, not mere legal insufficiency.); see also Herrera v. Collins, 506 U.S. 390, 404 (1993) ( "A claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."); Royal v. Taylor, 188 F. 3d 239, 243 (4th Cir. 1999) (federal habeas relief corrects constitutional errors). Thus, a freestanding claim of actual innocence is not cognizable in federal habeas corpus and such claim should be dismissed.

establish that he meets the Jones requirements, the petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition.[4]

**B. Motion to Transfer**

The respondent has filed an alternative Motion to Transfer, in the event that the Court determines that any of the claims presented by the petitioner merit further review. In addition, the petitioner has "joined" that Motion indicating that the relevant documents for proper consideration of his 2241 petition are not available to this Court. In support of his request that this case be transferred, the petitioner cites 28 U.S.C. § 1404 which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division **where it might have been brought**." (Emphasis added).

Based on the analysis recited above, it is clear that none of the claims raised in this 2241 petition merit further review. In addition, since a prisoner can only bring a Section 2241 claim in the district of incarceration, Section 1404(a) will not support a transfer to another jurisdiction. See Lee v. Wetzel, 2414 F.3d 370 (5th Cir. 2001).

## VI. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the respondent's Motion to Dismiss Motion for Summary Judgment, or alternatively, Motion To Transfer Case (Doc. 10) be **GRANTED IN PART and DENIED IN PART**, and the petitioner's §2241 petition be **DENIED and DISMISSED.**

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the

---

[4]Moreover, it is pertinent to note that the Fifth Circuit upheld the petitioner's life sentence on the quantity of the cocaine or cocaine base involved in the conspiracy. Therefore, to the extent that the petitioner's alleged involvement in murders or conspiracies to commit murder may have been considered, they were not the sole basis for his life sentence.

7

Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

**DATED:** October 24, 2011

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE