IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**CHRISTOPHER FRANK,**

      **Petitioner,**

**v.**                                               **Civil Action No. 2:11-CV-45**
                                                                    **(Bailey)**

**TERRY O'BRIEN, warden,**

      **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATI`ON

### Introduction

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of the United States Magistrate Judge David J. Joel [Doc. 15]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Joel for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Joel filed his R&R on October 24, 2011 [Doc. 15]. In that filing, the magistrate judge recommends that the respondent's Motion to Dismiss, Motion for Summary Judgment or, Alternatively, Motion to Transfer [Doc. 10] be granted in part and denied in part, and that the petitioner's § 2241 Petition for Writ of Habeas Corpus [Doc. 1] be denied and dismissed [Doc. 15 at 7].

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, this Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140,

150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Joel's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. Petitioner timely filed his objections on November 9, 2011 [Doc. 17]. Accordingly, this Court will review the portions of the R&R to which objection was made under a *de novo* standard of review. The remaining portions of the R&R will be reviewed for clear error.

## Factual and Procedural History

On May 14, 1999, the petitioner was found guilty of the following criminal charges: (1) conspiracy to distribute quantities of cocaine base in violation of 21 U.S.C. §§ 841 and 846, (2) use or carrying a firearm during or in relation to drug trafficking crime in violation of 18 U.S.C. § 924(c)(1), and (3) possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) [Doc. 11-2 at 5]. *See also* **United States v. Baptiste**, 264 F.3d 578, 586 (5th Cir. 2001). On September 20, 1999, the petitioner was sentenced to imprisonment for life with regard to the conspiracy charge, a concurrent 120-month imprisonment term for the use or carrying a firearm charge, and a consecutive 60-month imprisonment term for the possession of a firearm charge [Doc. 11-1 at 1; *see also* **Baptiste**, 264 F.3d at 586]. The petitioner appealed his conviction and sentence to the Fifth Circuit Court of Appeals ("Fifth Circuit"). *See* **Baptiste**, 264 F.3d 578. The Fifth Circuit affirmed the convictions, but reversed the sentence and remanded for reconsideration under a recent Supreme Court of the United States decision. *See id.* (citing

***Apprendi v. New Jersey***, 530 U.S. 466 (2000)).  On the government's petition for rehearing, the Fifth Circuit affirmed the petitioner's life sentence and noted that "the evidence showed that the crack distributed during the period of the conspiracy far exceeded the quantities necessary to justify [the sentence]."  ***United States v. Baptiste***, 309 F.3d 274, 278 (5th Cir. 2002).

On February 2, 2004, the petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 [*See* Doc. 844 in Case No. 2:98-CR-207 in the United States District Court for the Eastern District of Louisiana].  On March 26, 2007, the United States District Court for the Eastern District of Louisiana denied the motion [Doc. 11-2 at 22].  On June 10, 2011, the petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. 1].  In support of his motion, the petitioner raises the ground of actual innocence [*Id.* at 5], stating that the "[s]entencing [j]udge violated 1B1.3 when the judge sentence[d] petitioner for conduct occurring before petitioner joined the conspiracy" [*Id.* at 6].  The petitioner further states that he is seeking an "evidentiary hearing, to conclude [whether] relevant conduct as defined in 1B1.3[ ] can include conduct occurring before a defendant joins a conspiracy" [*Id.* at 9].

On July 15, 2011, the respondent filed a Motion to Dismiss, Motion for Summary Judgment or, Alternatively, Motion to Transfer Case [Doc. 10] and a Memorandum in Support thereto [Doc. 11].  The petitioner filed a response in opposition [Doc. 14] on July 27, 2011, stating that (1) he can establish his innocence, (2) section 2255 is inadequate and ineffective, and (3) the matter should be transferred to the court of conviction [*Id.* at 2]. The magistrate judge filed his Report and Recommendations [Doc. 15] on October 24,

2011, to which the petitioner timely filed his objections [Doc. 17], on November 9, 2011.

**Applicable Law**

I. Section 2241 Petition for Writ of Habeas Corpus

Individuals convicted in federal court are "required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C. § 2255. *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). If section 2255 proves "inadequate or ineffective to test the legality of [the] detention," then the petitioner may file a section 2241 writ of habeas corpus. *Id.*, *relying on* 28 U.S.C. § 2255.[1] The Fourth Circuit Court of Appeals ("Fourth Circuit") has ruled that section 2255 is inadequate and ineffective to test the legality of a conviction when three elements have been met. See *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000). First, "at the time of the conviction, settled law of [the relevant] circuit or the Supreme Court established the legality of the conviction . . .." *Id.* Second, after the convicted individual has completed his or her appeal and first section 2255 motion, "the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal . . .." *Id.* Third, the convicted individual "cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law." *Id.*

---

[1] 28 U.S.C. § 2255 provides the following:
An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless is also appears that the remedy by motion is inadeqaute or ineffective to test the legality of his detention.
28 U.S.C. § 2255(e).

II.  Motion to Dismiss

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." ***Bell Atl. Corp. v. Twombly***, 550 U.S. 544, 547 (2007).  In other words, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim" to survive a motion to dismiss for failure to state a claim.  ***Bass v. E.I. Dupont de Nemours & Co.***, 324 F.3d 761, 765 (4th Cir. 2003)(citing ***Dickson v. Microsoft Corp.***, 309 F.3d 193, 213 (4th Cir. 2002)); *see also **Iodice v. United States***, 289 F.3d 270, 281 (4th Cir. 2002).  When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, resolve all doubts and inferences in favor of the plaintiff, and view the allegations in a light most favorable to the plaintiff.  ***Edwards v. City of Goldsboro****,* 178 F.3d 231, 243-44 (4th Cir. 1999).  When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice. ***Anheuser-Busch, Inc. v. Schmoke****,* 63 F.3d 1305, 1312 (4th Cir. 1995)(*relying on* 5B CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357*)(*3d ed. 2004).

III.  Motion for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure governs summary judgment.  *See* FED. R. CIV. P. 56.  The Supreme Court of the United States and the Fourth Circuit have recognized the application of Rule 56 in habeas cases.  *See **Blackledge v. Allison***, 431 U.S. 63, 80-81 (1977); and ***Maynard v. Dixon***, 943 F.2d 407 (4th Cir. 1991).  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed. R. Civ. P. 56(c); *Celotex Corp.*, 477 U.S. at 323-25; *Anderson*, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

## Discussion

Petitioner states that "his conviction is a fundamental [m]iscarriage of justice because he is actually innocen[t] of the offense of murder or attempted murder" [Doc. 14 at 4], which he alleges is the "sole cause of his [l]ife [s]entence" [*Id.*; *see also* Doc. 1 at 6 and Doc. 1-1 at 1-13].

Petitioner's Objections

Petitioner raises two objections to the Magistrate Judge's conclusions that the § 2241 petition should be denied, the respondent's Motion to Dismiss should be granted, and the respondent's Motion for Summary Judgment and Alternative Motion to Transfer the Case should be denied [Doc. 17].

I. Newly Discovered Evidence

28 U.S.C. § 2255 provides a prisoner the opportunity to challenge the validity of his or her conviction or sentence. *See* 28 U.S.C. § 2255(a). A petition for a writ of habeas corpus under 28 U.S.C. § 2241 that challenges a prisoner's conviction or sentence will not be considered unless it appears that section 2255 "is inadequate or ineffective to test the legality of his [or her] detention." 28 U.S.C. § 2255(e). Furthermore, a petitioner must establish that he or she is entitled to review under section 2241 before he or she may raise an actual innocence claim. **Bousley v. United States**, 523 U.S. 614, 623 (1998). Petitioner states that he is "not herein challenging the 'manner in which his sentence is carried out,' but challenges the fact that his sentence is the product of a miscarriage of justice . . ." [Doc. 17 at 6]. Because the petitioner is challenging the imposition of his sentence rather than the execution of it, he must demonstrate that section 2255 is inadequate or ineffective by meeting the three **Jones** requirements. *See* **In re Jones**, 226 F.3d at 333-34.

Petitioner objects to the magistrate's conclusion that the petition should be denied, stating that there is newly discovered evidence in his case [Doc. 17 at 5]. Petitioner alleges that his case involved "'dirty cops' [who] fabricated, planted, and devised evidence to the

7

case of [the] petitioner" [*Id.* at 2]. The petitioner states that charges against police officers for "falsely filing complaints, lying to judges, [and] fabricating testimonies[ ] and evidence . . . " constitute "newly discovered" evidence [*Id.* at 3] because, "during the preparation of his § 2255 [motion], the case's [*sic*] of the officer's [*sic*] involved did not exist" and he "could not prove the mendacity of the officer's [*sic*] . . ." [*Id.* at 5]. However, the petitioner cannot establish that section 2255 is an inadequate remedy. Without addressing the first and third **Jones** requirements, this Court finds that the petitioner has not demonstrated the second requirement that "the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal . . .." **In re Jones**, 226 F.3d at 333-34. Without meeting this second requirement, the petitioner cannot fulfill the **Jones** requirements, even if he were able to meet the other two requirements. Because the petitioner does not fulfill the **Jones** requirements, he has not demonstrated that section 2255 is inadequate and ineffective to test the legality of his detention. See **Vial**, 115 F.3d at 1194; 28 U.S.C. § 2255(e). Therefore, this Court finds that petitioner's Petition for Writ of Habeas Corpus [Doc. 1] should be denied and dismissed and hereby **OVERRULES** the petitioner's objection.

## II. Transfer to Another District

Petitioner also objects to the conclusion that the Alternative Motion to Transfer the Case should be denied [Doc. 17 at 3-5]. In response to the respondent's Motion to Dismiss, Motion for Summary Judgment or, Alternatively, Motion to Transfer [Doc. 10], the petitioner states that the "government conceded that a transfer is clearly supported of the action to the district of conviction" [Doc. 14 at 1] and "[t]his [C]ourt . . . should grant both

side's wish and/or desire" [*Id.* at 2]. In support of this argument, the petitioner states that "all related documents are not assessable [*sic*] to the Northern District of West Virginia[,] which forbids this [C]ourt from meticulously reviewing this case" [*Id.* at 3]. Petitioner also states that a "case transfer pursuant to 28 U.S.C. [§] 1404(a) is imperative and essential to prevent any further [m]iscarriage of [j]ustice" [Doc. 14 at 5]. The petitioner further argues that this Court should transfer this case under its discretion to do so pursuant to 28 U.S.C. § 2241(d) [Doc. 17 at 3-4]. The petitioner states that "'a district court, in the exercise of it's [*sic*] discretion and furtherance of "Justice," may transfer a 28 U.S.C. § 2241 petition to the district of conviction of the district of confinement'" [*Id.* at 4 (citing 28 U.S.C. § 2241(d))].

However, section 1404(a) provides a district court discretion to transfer a case only to another district where it could have been brought.[2]  Furthermore, section 2241(d) also contains language that restricts a district court's discretion to transfer a case to instances where the district court in which the petitioner was convicted and sentenced has concurrent jurisdiction with the district court in which the petitioner is incarcerated.[3]  In this case,

---

[2] Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to another district or division *where it might have been brought.*"  28 US.C. § 1404(a) (emphasis added).

[3] 28 U.S.C. 2241(d) provides the following:
Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have *concurrent jurisdiction* to entertain the application.  The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.
28 U.S.C. § 2241(d) (emphasis added).

9

section 2241(d) is not relevant. *See* 28 U.S.C. § 2241(d). As such, the section 2241 claim must be brought in the district of incarceration, which in this case is this Court. *See* 28 U.S.C. § 2241. Moreover, because the United States District Court for the Eastern District of Louisiana does not have concurrent jurisdiction over the petitioner's section 2241 petition, this Court has no discretion to transfer the petition to that court. *See* 28 U.S.C. §§ 1404(a) and 2241(d). Accordingly, this Court finds that respondent's Alternative Motion to Transfer [Doc. 10] and the petitioner's adoption thereof [Doc. 14] should be denied and hereby **OVERRULES** the petitioner's objection.

## Conclusion

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 15]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Further, the plaintiff's Objections **[Doc. 17]** are **OVERRULED**. Accordingly, respondent's Motion to Dismiss, Motion for Summary Judgment or, Alternatively, Motion to Transfer **[Doc. 10]** is hereby **GRANTED in part** and **DENIED in part**, with the Motion to Dismiss being granted and the Motion for Summary Judgment and Alternative Motion to Transfer being denied. Moreover, petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 **[Doc. 1]** is hereby **DENIED** for the reasons stated above, **DISMISSED WITH PREJUDICE**, and **ORDERED STRICKEN** from the active docket of this Court. The Clerk is directed to enter a separate judgment in favor of the respondent.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and

to mail a copy to the *pro se* plaintiff.

**DATED:** December 7, 2011.

_____
JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE